## COURT OF SPECIAL SESSIONS — CITY OF NEW YORK — PART IV.

### February 14, 1919.

## PEOPLE OF THE STATE OF NEW YORK, v. CHARLES NESSLER, Defendant.

(1.) PENAL LAW, § 421—DECEPTIVE OR MISLEADING ADVERTISEMENT.

To make an advertisement criminal under Penal Law, § 421, it must contain some assertion, representation or statement of fact that is untrue, deceptive and misleading regarding what the accused offers in the shape of merchandise or service.

(2.) SAME.

Defendant advertised that a recent patent suit against complainant established that none but defendant used a process by which the hair was really steamed, and that an "injunction was granted against complainant on the ground that he put chemicals into the hair before boiling it." *Held*, that this was a false statement, intentionally made to influence the public, and a violation of the statute.

FRESCHI, J., dissenting.

*Edward Swann, District Attorney,* of counsel (*Thomas Mc-Grath, Assistant District Attorney, Joseph M. Deuel,* and *Charles H. Wilson*), for People.

*John J. O'Connell & Henry Wenzel, Jr.,* for defendant.

EDWARDS, J.:

I think the evidence compels the conclusion that the advertisement which was put in evidence was published by the defendant to promote his business. That it therefore related to something offered to the public for sale by him, as specified in the statute; that the relevant statement contained in the advertisement, as part thereof and intended to effect its purpose,

declaring that in the action of Nessler against Frederic an " injunction had been granted against Frederic on the ground that he actually put chemicals into the hair before boiling it " was a false statement, intentionally made to influence the public, to the defendant's benefit. I think therefore that he violated the statute and I vote to convict him of the offense.

Moss, J.: I concur.

Freschi, J. (dissenting) : E. O. Fredericks, President of the E. O. Frederics, Inc., engaged in the hair dressing business and in the manufacture of apparatus used by hair dressers to produce what is called " permanent hair waving," complains against Charles Nessler doing business under the style of " C. Nestle Company," who was a competitor in the same business on the same block on Fifth Avenue, in the City of New York, in that the defendant caused to be published an advertisement in the August 4th, 1918, issue of the New York Times in the following words, which are pertinent to the present inquiry:
" The Nestle Permanent Waving.

" As original inventors we have always assumed guardianship over the public's hair. A recent patent suit (Nestle against Frederic, Inc.) established that none but Nestle's use a process by which the hair is really steamed. An injunction was granted against Frederic on the ground that he actually put chemicals into the hair before boiling it.

" The harm done to the hair by hairdressers who use ' steam pads ', flannels, pastes or lotions applied on the hair is most common, and ladies should object to them."

The District Attorney contends that the advertisement as published and circulated is untrue and misleading and is a violation of so much of section 421 of the Penal Law as is quoted below. The part of that statute applicable to this case reads as follows:

" If any person * * * with intent to dispose of merchandise * * * or anything offered by such person * * * to the public * * * knowlingly makes, publishes * * * or causes directly or indirectly to be made, published * * * in any newspaper, magazine * * * an advertisement, announcement, or statement of any sort regarding merchandise, service or anything offered to the public, which contains any assertion, representation, or statement of fact that is untrue, deceptive or misleading * * * shall be guilty of a misdemeanor * * *."

The District Attorney makes three points upon which he particularizes the offense of the defendant as criminal and states the following about the advertisement:

" (1) Taken in its entirety, it fulfilled the intention of its draftsman by creating a false public impression that C. Nestle Co. under Letters Patent of the United States had the exclusive right of so-called permanent hair waving process and apparatus, and·that purchasing apparatus from anyone but C. Nestle Co., or even having hair waving done elsewhere, infringed said Letters Patent and subjected the purchasers, or the person whose hair was treated, to the pains and penalties of a suit for patent infringement.

" (2) That the patent suit — Nestle against Frederic — did *not*, as represented and asserted, establish that none but Nessler use a process by which " the hair is really steamed," and therefore such assertion or statement of fact was knowingly false, deceptive and misleading.

" (3) That in such patent suit an injunction was *not* granted against Frederic ' on the grounds that he actually put chemicals into the hair before boiling it,' and therefore the assertion, representation or statement of fact that an injunction was granted on such grounds was knowingly false and was especially intended to be deceptive and misleading.

" The initial title of the litigation referred to in the advertise-

ment as ' A recent patent suit ' was Charles Nessler against
E. O. Frederics, Inc.," of which E. O. Frederics, its president,
is the complainant in the present prosecution.   That action was
brought in the United States Dictrict Court for the Southern
District of New York, and the Bill of Complaints charged the
infringement of three distinct patents.    The issues therein
went to trial and judgment and resulted in a dismissal of the
Bill of Complaints as to the two patents issued to Nessler, and
as to the third (the Aldworth patent), the defendant, Frederics,
conceded that for a short period of time he had used a hair-
dressing tube of similar construction, but on being informed
that he was infringing immediately discontinued its use and
before the patent suit was instituted.   This tube, known as the
Aldworth tube, was patented not as a process or mechanical
apparatus, but simply and solely as ' A new article of
manufacture '.

" All the proceedings in that trial, the pleadings, the three
Letters Patent, the evidence taken at the trial, the opinion
handed down by the court, the decree entered thereon, and the
injunction actually issued, are before this court in a printed
record which was received in evidence by consent of the parties."

I am of the opinion that the statute (Penal Law, § 421) does
not apply to the case at bar.

The defendant offers the public a " service " relating to hair
dressing by a certain process and by means of a new article of
manufacture, consisting of a non-inflammable tube provided
with an inner porous paper chamber to hold a quantity of
pulverized borax, the subject of Letters Patent issued by the
United States; and in this case his offer is made through the
advertisement in the public print aforesaid.   The subject-
matter of this advertisement is complained of because it is
claimed to represent matters in adjudication between the defend-
ant and the complainant with respect to methods employed by
the latter in their competitive business and as to the basis of

the judgment of the United States District Court in making its decision.

I hold that if the material facts of the advertisement are true concerning what the defendant offers the public, then he has not violated this law; that if his advertisement unduly and unreasonably criticizes the methods or merchandise, or service to any person, to his injury, the remedy of the aggrieved party is in the Civil Courts, in law or in equity, for reparation by money damages or injunctive relief.

The purpose of this statute, as I understand it, is to strike at commercial frauds and misrepresentation of an existing fact as to something which is offered the public in business and trade, as for instance, to prevent a merchant advertising the sale of fabric as silk, when, in fact, he sells and delivers cotton goods under such false advertisement; or represents an article to be of higher value when he knows it to be less valuable, or if he holds out a service by certain methods or processes as accomplishing certain results when, in truth, he knows that they cannot be attained, or, if they are attained, different and injurious methods are employed, etc. But when a man offers to the public what he actually gives in quality and character, even though in the offer he misstates facts outside of his peculiar kind of work or service, or libels a rival, I do not believe that a prosecution can be initiated under the section of the Penal Law relied upon here. It may be permissible under Section 1340 (*et seq.*) upon the theory that the defendant, under the circumstances of this case, is guilty of a criminal libel; or it may be deemed unfair competition punishable as such under the Federal laws.

It must seem clear to all that Nessler wrote and caused to be published his advertisement to influence readers in his favor and to secure their patronage. It was done in connection with his competition with Frederics, but unfair competition is not what the statute seeks to prevent. The obligation which this

law (Penal Law, § 421) places upon the defendant is not to misrepresent that which he bargains to give or do. All untruths and mistatements in that respect are criminal under this section; but all other misstatements to the hurt of anyone else are punishable in other ways and under other statutes.

The whole trend of modern law and particularly of the Federal Trade Commission Law and related Acts, is to hold individuals strictly to account for methods that are disreputable and dishonest and to stimulate fair competition in the natural progress of events, and in doing so this latter statute which makes unfair competition unlawful is merely declaratory of the common law on this subject.

The facts established in favor of the defendant upon which he, through his advertisement, invites public attention are these:

" (1) That there is a method or process of hair waving called ' Nessler's permanent waving.' (No claim is made that the advertisement states a falsehood in the title of the advertisement in that Nessler offers to produce and cannot produce what is known as a permanent hair wave.)

" (2) That Nessler uses a process by which the hair is really steamed.

" (3) That there was a recent patent suit called Nestle Patent Holding Company, Inc., against E. Fredericks, Inc.

" (4) That an injunction was granted against Frederics.

" (5) That Frederics used a steam pad, from which a chemical-borax got on the hair before boiling in his process of hair waving."

If, in connection with these matters Nessler has falsified as to certain other facts appearing to the United States District Court, or as to its judgment and the reasons assigned therefor, and in doing that, customers have been lost to Frederics, the latter has his remedy in the civil tribunals.

There is no proof that the public has been mislead or that any

one has complained that Nessler has not rendered the kind, quality and character of service he offers through his advertisement. I find no evidence of an unfair practice in that particular. It seems to me that the essence of the crime is failure on the part of the advertiser to give, in conformity with his representations, the thing he contracts to do. In such case only would we have a patron mislead and deceived by the advertisement. To make his advertisement criminal, it must contain some assertion, representation or statement of fact that is untrue, deceptive and misleading regarding what the accused offers in the shape of merchandise, service or anything else. This I believe he has not done and, therefore, I dissent from the conclusion of my associates.

My vote is for the acquittal of the defendant.